# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VIVIAN J. SAROKI-KELLER,
individually,

        Plaintiff,

v.

UNIVERSITY OF MICHIGAN,
a Michigan public university, and
UNIVERSITY OF MICHIGAN-DEARBORN,
a Michigan public university,

        Defendants.

Case No.
Hon.
Mag.

---

Andrew G. Peterson (P73304)
William A. Calunas (P75260)
Attorneys for Plaintiff
PETERSON & CALUNAS, PLLC
5700 Crooks Rd., Ste. 200
Troy, MI 48098
Ph. (248) 457-6000
Fax (248) 928-0439
*drew@petersoncalunas.com*
*bill@petersoncalunas.com*

R. Ian Hunter (P15279)
Co-Counsel for Plaintiff
R. IAN HUNTER, PLLC
5700 Crooks Rd., Ste. 200
Troy, MI 48098
Ph. (248) 330-4336
*rihunterlaw@gmail.com*

---

## **COMPLAINT AND JURY DEMAND**

Plaintiff, VIVIAN J. SAROKI-KELLER, by and through counsel, and for her Complaint and Jury Demand against Defendants, UNIVERSITY OF MICHIGAN and UNIVERSITY OF MICHIGAN-DEARBORN, states as follows:

## NATURE OF CASE

1. This is an employment discrimination case in which Defendants violated the federal Rehabilitation Act and the Michigan Persons with Disabilities Civil Rights Act by failing to provide Plaintiff with a reasonable accommodation, failing to engage in the interactive process in good faith, and terminating her employment based on her disability.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Vivian J. Saroki-Keller, is a Michigan resident and resides in Oakland County.

3. Defendant, University of Michigan ("UM"), is a Michigan public university located in Ann Arbor, Washtenaw County, Michigan.

4. Defendant, University of Michigan-Dearborn ("UMD"), is a Michigan public university located in Dearborn, Wayne County, Michigan, and is a regional campus of UM.

5. The events giving rise to this lawsuit primarily occurred in Wayne County, Michigan.

6. The jurisdiction of this Court is invoked pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* ("Rehabilitation Act"). As such, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. The Court has supplemental jurisdiction of Plaintiff's Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et seq.* ("PWDCRA") claim pursuant to 28 U.S.C. § 1367 as this claim is so related to Plaintiff's claim under the Rehabilitation Act that they form part of the same case or controversy.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this lawsuit occurred within the Southern Division of the Eastern District of Michigan and Defendants are located within, conduct substantial business within, and have agents and employees within the Southern Division of the Eastern District of Michigan.

9. At all times material hereto, Plaintiff was an "employee" of UMD within the meaning of the Rehabilitation Act and the PWDCRA.

10. At all times material hereto, UMD was an "employer" covered under the Rehabilitation Act and the PWDCRA.

11. At all times material hereto, Plaintiff was an individual with a disability within the meaning of the Rehabilitation Act and the PWDCRA.

12. Specifically, Plaintiff suffers from medical conditions including, but not limited to, recurrent cervical myofascial pain and enthesopathy, thoracolumbar enthesopathy, right sacroiliac joint irritability, and chronic pain.

13. There is no administrative exhaustion requirement for Plaintiff's Section 504 Rehabilitation Act claims against Defendants. 29 U.S.C. 794a(2).

14. There is no administrative exhaustion requirement for Plaintiff's claim against Defendants under the PWDCRA.

## GENERAL ALLEGATIONS

15. Plaintiff began her employment with UMD in or about September 2002 as a part-time counseling psychologist with limited licensing privileges.

16. Thereafter, on or about December 21, 2005, she was elevated to a part-time salaried counseling psychologist with full licensing.

17. Plaintiff remained employed in that part-time capacity until August 30, 2019.

18. In all, Plaintiff was employed by UMD on a part-time basis for a period of seventeen years during which her employment record was exemplary.

19. On or about June 21, 2019, Plaintiff was informed by the Director of her department, Dr. Sara Byczck, that UMD was eliminating all part-time counseling psychologist positions and replacing them with full-time positions.

20. On or about June 28, 2019, Plaintiff met with Dr. Byczck to discuss her future employment options.

21. Plaintiff emphasized to Dr. Byczck that Plaintiff's disability prevented her from working on a full-time basis.

22. Dr. Byczck, however, made it clear that UMD would not permit Plaintiff to continue her part-time employment notwithstanding her disability.

23. Thereafter, UMD designated the Assistant Director of Human Resources, Molly McCutchan, as its representative to participate with Plaintiff in the interactive process mandated by the Rehabilitation Act to explore reasonable accommodations to allow Plaintiff to continue her employment in light of her disability.

24. On or about July 2, 2019, Plaintiff first met with Ms. McCutchan and explained that her disability prevented her from working on a full-time basis, a conclusion which was based upon medical advice.

25. As requested by Ms. McCutchan, Plaintiff promptly provided medical documentation of her disability.

26. Nonetheless, Ms. McCutchan advised Plaintiff that UMD had made a "business decision" to eliminate all part-time counseling psychologist positions, had no intention of deviating from this position, and would not create a part-time position for Plaintiff.

27. Plaintiff responded that UMD would not be creating a new position but would instead be maintaining the position which Plaintiff had held for the past seventeen years.

28. Ms. McCutchan, however, told Plaintiff that UMD's "business decision" to eliminate all part-time counseling psychologist positions was final.

29. During July and August of 2019, Plaintiff met with Ms. McCutchan in person or spoke with her by phone on six separate occasions.

30. On each of these occasions, Ms. McCutchan reiterated her previous position that UMD's "business decision" to eliminate all part-time counseling psychologists was final.

31. Throughout the entire interactive process, UMD consistently rejected Plaintiff's request that it reasonably accommodate her disability by permitting her to continue to work on a part-time basis as she had for seventeen years.

32. UMD failed to offer Plaintiff any other reasonable accommodations and instead told her she could work "full-time or nothing," or words to that effect.

33. As a result of UMD's refusal to provide Plaintiff with reasonable accommodations, UMD terminated Plaintiff's employment on August 30, 2019.

34. Since her termination with UMD, Plaintiff has actively and reasonably sought other employment but has been unsuccessful.

35. Plaintiff has suffered and continues to suffer damages as a direct result of Defendant's actions including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of employment benefits, mental anguish, physical and emotional distress, humiliation and embarrassment, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice.

# COUNT I
# VIOLATIONS OF THE REHABILITATION ACT

36. To the extent applicable, Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

37. Under Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. 794(a).

38. The Rehabilitation Act incorporates the obligations and standards of the Americans with Disabilities Act of 1990 ("ADA"). *Keith v. County of Oakland*, 703 F.3d 918, 923 (6th Cir. 2013).

39. Defendants are recipients of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act.

40. Plaintiff was and is an individual with a disability under Section 504 of the Rehabilitation Act.

41. Defendants regarded Plaintiff as disabled within the meaning of Section 504 of the Rehabilitation Act.

42. Plaintiff has a record of a disability within the meaning of Section 504 of the Rehabilitation Act.

43. Defendants discriminated against Plaintiff in violation of Section 504 of the Rehabilitation Act by terminating Plaintiff on the basis of her disability.

44. Defendants discriminated against Plaintiff on the basis of her disability in violation of Section 504 of the Rehabilitation Act by failing to provide reasonable accommodations to Plaintiff.

45. Defendants discriminated against Plaintiff on the basis of her disability in violation of Section 504 of the Rehabilitation Act by failing to engage in an interactive process to consider possible reasonable accommodations for Plaintiff to perform her essential job functions.

46. Defendants' actions were intentional, willful, and in reckless disregard of Plaintiff's rights under the Rehabilitation Act.

47. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of employment benefits, mental anguish, physical and emotional distress, humiliation and embarrassment, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice.

## COUNT II
## VIOLATIONS OF THE PWDCRA

48. To the extent applicable, Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

49. Plaintiff was and is an individual with a disability under the PWDCRA.

50. Defendants regarded Plaintiff as an individual with a disability under the PWDCRA.

51. Plaintiff has a record of disability within the meaning of the PWDCRA.

52. Plaintiff's disability affected her ability to engage in one or more major life activities.

53. Plaintiff was and is qualified for her former position as a counseling psychologist.

54. Plaintiff's disability did not affect her ability to perform the essential functions of her job as a counseling psychologist.

55. Defendants discriminated against Plaintiff in violation of the PWDCRA by terminating Plaintiff on the basis of her disability.

56. Defendants discriminated against Plaintiff based on her disability in violation of the PWDCRA by failing to provide her with reasonable accommodations.

57. Defendants' actions were intentional, willful, and in reckless disregard of Plaintiff's rights under the PWDCRA.

58. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of employment benefits, mental anguish, physical and emotional distress, humiliation and embarrassment, loss of

professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, by and through counsel, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants and award Plaintiff the following:

a. A declaratory judgment that Defendants discriminated against Plaintiff in violation of Section 504 of the Rehabilitation Act and the PWDCRA;

b. An injunction (i) ordering Defendants to reinstate Plaintiff to her prior position of employment with UMD, with such retroactive promotions and benefits as Plaintiff would have received had she not been terminated, (ii) ordering Defendants to provide Plaintiff reasonable accommodations necessary for Plaintiff to perform her essential job functions, and (iii) prohibiting any further acts of discrimination or retaliation by Defendants;

c. Compensatory damages in whatever amount Plaintiff is found to be entitled including, but not limited to, loss of past and future earnings and earning capacity, loss of career opportunities, loss of employment benefits, mental anguish, physical and emotional distress, humiliation and embarrassment, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice;

d. Exemplary and punitive damages in whatever amount Plaintiff is found to be entitled;

e. An award of interest, costs, and attorney fees;

f. All other relief as the Court may deem appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all claims, defenses, and issues that may be tried to a jury.

                              Respectfully submitted,

                              PETERSON & CALUNAS, PLLC

March 18, 2020                /s/ Andrew G. Peterson
                                          By: Andrew G. Peterson (P73304)
                                          William A. Calunas (P75260)
                                          Attorneys for Plaintiff
                                          5700 Crooks Rd., Ste. 200
                                          Troy, MI 48098
                                          Ph. (248) 457-6000
                                          Fax (248) 928-0439
                                          *drew@petersoncalunas.com*
                                          *bill@petersoncalunas.com*

                                          R. Ian Hunter (P15279)
                                          Co-Counsel for Plaintiff
                                          R. IAN HUNTER, PLLC
                                          5700 Crooks Rd., Ste. 200
                                          Troy, MI 48098
                                          Ph. (248) 330-4336
                                          *rihunterlaw@gmail.com*